UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


MICHAEL SINGLETON,

                    Petitioner,

-vs-                                   Case No.  8:03-cv-958-T-24TBM

JAMES V. CROSBY, JR.,

                    Respondent.

_____/

## ORDER

      This cause is before the Court on Petitioner Michael Singleton (Singleton's) 28

U.S.C. § 2254 petition for writ of habeas corpus.  Petitioner challenges his conviction

and sentence entered by the Circuit Court for the Sixth Judicial Circuit, Pinellas County,

Florida.

      Singleton was convicted, after jury trial, of capital sexual battery.  On February

10, 1998, the state trial court sentenced Singleton to life imprisonment.[1] (Respondent's

Exh. 1)

      On direct appeal, Singleton raised the following issues: the evidence was

insufficient to prove the offense occurred within the dates alleged;  the state trial court

erred in denying the motion for new trial where the verdict was contrary to the weight

of the evidence;  the state trial court erred in failing to conduct a proper competency

_____

[1] The minimum mandatory sentence is 25 years.

examination of the child witness; the sexual predator finding was invalid. (Respondent's Exh. 2).

On March 12, 1999, the state district court of appeal per curiam affirmed the conviction and sentence. <u>Singleton v. State</u>, 731 So. 2d 668 (Fla. 2d DCA 1999) (table).

On October 15, 1999, Singleton filed a Rule 3.850 motion for post-conviction relief raising eight claims of ineffective assistance of trial counsel. The state trial court orders related to the Rule 3.850 motion are set out below as A, B, and C. In Order A, the state trial court summarily denied claims one, three, four, seven, and eight, and ordered the State to respond to claims two, five, and six. In Order B, the state trial court denied claim five and ordered that an evidentiary hearing be held on claims two and six. After the evidentiary hearing, the state trial court denied the Rule 3.850 motion in its entirety in Order C.

### State Trial Court Order A

ORDER DENYING IN PART AND ORDER DIRECTING STATE
TO SHOW CAUSE

THIS CAUSE came before this Court on Defendant's pro se Motion for Post Conviction Relief filed on October 15, 1999, and supplemented by counsel on April 18, 2001, pursuant to Fla. R. Crim. P. 3.850. After considering the motion, record, and applicable law, this Court finds:

On April 2, 1997, the State filed an information against Defendant, charging him with Capital Sexual Battery. See Exhibit 4: Information. Defendant proceeded to trial and a jury found him guilty on February 10, 1998. Defendant was sentenced to life. Defendant appealed his conviction, and the Mandate affirming was filed on April 19, 1999. Defendant now raises eight grounds in his motion as basis for relief from

the judgment and sentence imposed by the Court. All eight grounds allege ineffective assistance of counsel.

To sustain an ineffective assistance claim, a defendant must show deficient performance and personal prejudice as originally articulated in Strickland v. Washington 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Both the performance and prejudice components must be satisfied. In the event a defendant fails to satisfy one component, the inquiry ends, and the reviewing court need not determine if the defendant satisfied the other. See Maxwell v. Wainwright, 490 So.2d 927 (Fla. 1986).

The Court will address Defendant's claims individually.

GROUND ONE
Ineffective Assistance of Counsel

Defendant claims that counsel was ineffective for not obtaining an expert witness to testify that the victim's accusations could have been an attempt to gain her mother's attention and affection while simultaneously getting rid of an unwanted competitor.

Defendant's claim is based on speculation. Defendant does not list any particular expert who was willing to testify consistently with Defendant's theory. Additionally, counsel stated on the record that he did not feel the need for an expert in this particular case. See Exhibit B: Excerpts from Trial Transcript, p. 9. The decision not to call an expert witness was a judgment call that cannot be said to fall below the standard for competent counsel. The attorney himself made the point to the jury that the child may have fabricated a lie to gain her mother's attention. See Exhibit B, p. 195. The idea that the child was getting rid of an unwanted competitor is not consistent with the record. It was clear from the trial that Defendant was not living with the victim's mother or even romantically involved with her at the time of the allegations. See Exhibit B, pp. 64-67. This claim is denied.

GROUND TWO
Ineffective Assistance of Counsel

Defendant claims that counsel was ineffective for failing to investigate whether the victim made previous allegations that she was molested. Specifically, Defendant alleges that the victim told him that mother's former boyfriend, Rodney, was no longer welcome at the house because he had done bad things to the victim. Defendant claims he told

-3-

counsel about this but counsel did not investigate. The State shall show cause why Defendant is not entitled to relief.

## GROUND THREE
### Ineffective Assistance of Counsel

Defendant alleges that counsel was ineffective for failing to investigate whether the victim was angry and resentful toward Defendant and wanted to get even with him for punishing her. Specifically, defendant alleges that counsel should have interviewed two of the victim's friends to determine if the victim had ever made statements that she disliked Defendant. Additionally, Defendant alleges that one of the friends was present when Defendant punished the victim and could have described the victim's reaction and resentment.

It's fairly common knowledge that children don't like to be punished and may even be resentful or angry. The claim that counsel did not interview friends of the victim for this proposition cannot be said to have affected the outcome of the case. Defendant, himself, testified how the victim reacted after he punished her. See Exhibit B, pp. 122-124. Defendant speculates that the victim may have told her friend that she wanted to get rid of Defendant when he was living with her mother. Defendant doesn't offer any reasons to believe that statements like this were ever made. Additionally, the record is clear that the victim continued to have contact with Defendant after Defendant moved out without any mention to her mother that she disliked him. See Exhibit B, pp. 65-67. This claim is denied.

## GROUND FOUR
### Ineffective Assistance of Counsel

Defendant alleges that counsel was ineffective for failing to call a witness to show that the victim's testimony was influenced by external pressures. Specifically, Defendant states that counsel did not call a bystander or the victim's grandmother to the stand after the grandmother was reportedly discussing the case with the victim in the courthouse bathroom.

The record clearly reflects that counsel questioned the victim about the conversation she reportedly had with her grandmother. See Exhibit B, pp. 42-43. Additionally, counsel readdressed the issue during his closing argument. See Exhibit B, pp. 153-154. The jury was certainly made aware of the possibilities of outside influences. Defendant was not prejudiced by counsel's alleged omission. This claim is denied.

## GROUND FIVE
### Ineffective Assistance of Counsel Defendant

Defendant alleges that counsel was ineffective for failing to object to the testimony of the State's witness, Dr. Mark Morris. Defendant claims that the Doctor's testimony was irrelevant as the Doctor, who performed a physical examination of the victim, was unable to confirm that any sexual abuse had taken place. The State shall show cause why Defendant is not entitled to relief.

## GROUND SIX
### Ineffective Assistance of Counsel

Defendant claims that Counsel was ineffective for stipulating to the admissibility of child hearsay testimony. Defendant additionally alleges that the testimony became needlessly cumulative and was unduly prejudicial. The State shall show cause why Defendant is not entitled to relief.

## GROUND SEVEN
### Ineffective Assistance of Counsel

Defendant alleges that counsel was ineffective for failing to object when the jury was allowed to take a tape of an out-of-court interview of the victim into the jury room during deliberation.

The record reflects that counsel believed the tape, which was entered into evidence by the State, was helpful to Defendant's case. Counsel played the tape for the jury during his closing argument, urging the jury to listen to the tape and decide if the victim's demeanor was consistent with someone who had been sexually molested. See Exhibit B, pp. 145-150. Counsel clearly didn't object to the jury taking the tape during deliberations because he believed it would help the case. This claim is denied.

## GROUND EIGHT
### Ineffective Assistance of Counsel

Defendant alleges that counsel was ineffective for making cumulative errors and omissions. Defendant argues that counsel was ineffective for ignoring the parameters of "Williams Rule" evidence and allowing the State to elicit several instances when abuse occurred. Defendant argues that counsel made an inadequate argument for a judgment of acquittal at the conclusion of the State's case. Defendant

-5-

argues that counsel failed to object to improper argument by the prosecutor during opening statements and closing arguments. Defendant argues that counsel failed to present a single coherent theory of defense. Lastly, Defendant claims that counsel overheard two of the jurors discussing the demeanor of the victim, during a recess, but failed to bring this to the court's attention.

Defendant's argument with regard to "Williams Rule" evidence is without merit. It is clear from the record that counsel was trying to discredit the victim by pointing to the number of claims she made and the fact that there was no observable behaviors or symptoms consistent with her claims. See Exhibit B, pp. 44-50, 1 72-1 74. Counsel, himself, asked the victim during depositions if she thought she had been abused 1000 times to which the victim replied yes. It is apparent that counsel had no objection to the victim testifying that she had been abused 6 or 7 times because he was trying to make the point that she had been coached.

Defendant's claim that counsel made an inadequate argument for judgment of acquittal is also without merit. Defendant argues that counsel's "pro forma" motion was inadequate as a matter of law. Although his argument was brief, counsel did state with specificity why a judgment of acquittal should be granted. See Exhibit B, p. 118. It is also clear that the victim's testimony alone was enough to send the case to the jury. See Exhibit B, pp. 32-35.

Defendant claims that counsel should have objected during opening statements when the prosecutor vouched for the credibility of the victim. Defendant also claims that counsel should have objected during closing arguments when the prosecutor instructed the jury on the law and implied that Defendant was a "criminal." Defendant fails to state with any specificity how he was prejudiced by these omissions. A review of the record indicates that these alleged deficiencies were harmless error. See Exhibit C, pp. 6-7, See also Exhibit B, pp. 176,191.

Defendant's claim that counsel failed to present a coherent theory of defense is without merit. Counsel clearly maintained the theme that the victim was not a credible witness and the allegations were a fabrication.

Defendant claims that counsel overheard two members of the jury discussing the credibility of the victim, yet did not report it to the court. Defendant fails to sufficiently state how he was prejudiced by this alleged omission.

Defendant's claim that counsel's cumulative errors undermined confidence in the fairness and correctness of the result is without merit. This claim is denied.

Accordingly,

IT IS ORDERED that the Office of the State Attorney shall have (30) days from the date of this Order in which to SHOW CAUSE why defendant is not entitled to relief under grounds two, five and six.

IT IS FURTHER ORDERED that grounds one, three, four, seven and eight are DENIED.

## State Trial Court Order B

ORDER DENYING IN PART AND ORDER FOR EVIDENTIARY HEARING

THIS CAUSE came before this Court on Defendant's pro se Motion for Post-conviction Relief filed on October 15, 1999, and supplemented by counsel on April 18, 2001, pursuant to Fla. R. Crim. P. 3.850. After considering the motion, record, and applicable law, this Court finds:

On April 2, 1997, the State filed an information against Defendant, charging him with  Capital Sexual Battery. Defendant proceeded to trial and a jury found him guilty on February 10, 1998. Defendant was sentenced to life. Defendant appealed his conviction, and the Mandate affirming was filed on April 19, 1999. Defendant raised eight grounds in his motion as basis for relief from the judgment and sentence imposed by the Court. All eight grounds alleged  ineffective assistance of counsel. On September 12, 2001, this Court denied five of the grounds and ordered the State to show cause why Defendant was not entitled to relief on the remaining three grounds. The State filed their response on November 7, 2001.

. . . .

The Court will address Defendant's claims individually.

GROUND TWO
Ineffective Assistance of Counsel

Defendant claims that counsel was ineffective for failing to investigate whether the victim made previous allegations that she was

-7-

molested. Specifically, Defendant alleges that the victim told him that mother's former boyfriend, Rodney, was no longer welcome at the house because he had done bad things to the victim. Defendant claims he told counsel about this but counsel did not investigate.

In its response to the order to show cause, the State contends that counsel did investigate the possibility of previous allegations of molestation, through the questioning of the victim and her mother at their depositions. The Court, however, does not find that the record conclusively refutes this allegation. This claim would best be resolved at an evidentiary hearing.

## GROUND FIVE
### Ineffective Assistance of Counsel

Defendant alleges that counsel was ineffective for failing to object to the testimony of the State's witness, Dr. Mark Morris. Defendant claims that the Doctor's testimony was irrelevant as the Doctor, who performed a physical examination of the victim, was unable to confirm that any sexual abuse had taken place.

In its response, the State argues that the witness was declared an expert witness, who was merely giving his opinion with regard to the victim's physical examination. Furthermore, the State contends that the jury was neither misled nor confused by the testimony of the Doctor because the Doctor repeatedly stated that he could neither confirm nor deny the allegations of sexual abuse. See Exhibit 4: Excerpt from Trial Transcript (pp. 76-87). This Court agrees that Defendant has failed to sufficiently demonstrate how he was prejudiced by counsel's alleged omission. This claim is denied.

## GROUND SIX
### Ineffective Assistance of Counsel

Defendant claims that Counsel was ineffective for stipulating to the admissibility of child hearsay testimony. Defendant additionally alleges that the testimony became needlessly cumulative and was unduly prejudicial.

In its response, the State points to the representation by counsel that Defendant agreed to the stipulation. See Exhibit A (pg. 16). Defendant cannot now take issue with the decision to stipulate to the hearsay, after he himself agreed to it. Although Defendant stipulated to the admissibility of child hearsay testimony, this stipulation did not

foreclose his right to object to testimony on the grounds that it was cumulative. <u>See</u> <u>Perry v. State</u>, 593 So.2d 620 (Fla. 2d DCA 1992). The State argues that counsel objected when witnesses gave opinions as to the victim's truthfulness. That, however, is separate from an objection to cumulative evidence pursuant to section 90.403, Florida Statutes. This claim would best be resolved at an evidentiary hearing.

Accordingly, IT IS ORDERED that the Office of the State Attorney shall contact this Court within fifteen days to schedule an evidentiary hearing for grounds two and six. IT IS FURTHER ORDERED that ground five is DENIED.

## State Trial Court Order C

ORDER DENYING DEFENDANT'S MOTION FOR POST CONVICTION RELIEF

On April 2, 1997, the State filed an information against Defendant, charging him with Capital Sexual Battery. Defendant proceeded to trial and a jury found him guilty on February 10, 1998. Defendant was sentenced to life. Defendant appealed his conviction, and the Mandate affirming was filed on April 19,1999. Defendant raised eight grounds in his motion as basis for relief from the judgment and sentence imposed by the Court. All eight grounds alleged ineffective assistance of counsel. On September 12, 2001, this Court denied five of the grounds and ordered the State to show cause why Defendant was not entitled to relief on the remaining three grounds. The State filed their response on November 7, 2001. On January 8, 2002, the Court denied an additional ground and ordered that an evidentiary hearing be set for the remaining two grounds. The evidentiary hearing was held on March 22, 2002.

. . . .

The Court will address Defendant's claims individually.

GROUND TWO
Ineffective Assistance of Counsel

Defendant claims that counsel was ineffective for failing to investigate whether the victim made previous allegations that she was molested. Specifically, Defendant alleges that the victim told him that mother's former boyfriend, Rodney, was no longer welcome at the house because he had done bad things to the victim. Defendant claims he told counsel about this but counsel did not investigate.

Trial counsel testified at the evidentiary hearing that Defendant did provide him with the name of Rodney as someone who may have abused the victim. Counsel, however, was provided with little more than the individual's first name and the fact that he worked in the pest control business. During the deposition of the victim's mother, counsel asked the witness about Rodney, however, the witness could not recall Rodney's last name, stating that they did not date for very long. See Exhibit.4: Excerpt from Deposition of Charlene Kimball (pp. 17-18). Counsel testified that he made a strategic decision not to pursue a defense that implicated someone else. Counsel, instead, made a decision to pursue the defense that the victim's allegations were fabrications. Counsel believed that pointing the finger at someone named Rodney, without any substantial evidence, would be contrary to that defense. Counsel stated that he based his strategy on the fact that there was no physical evidence of abuse, the victim had made inconsistent statements and the victim was reportedly angry with Defendant for punishing her.

Although counsel could have inquired further with regard to Rodney, the Court does not find that counsel's performance was deficient. It was reasonable trial strategy to argue that the victim fabricated the allegations. Counsel's decision not to present a conflicting theory of defense was also reasonable based on the available evidence. The victim clearly testified that Defendant was the one who abused her. See Exhibit B: Excerpt from Trial Transcript (pp. 29-36). The victim's mother also testified that her daughter never discussed sexual matters with her, prior to making allegations against Defendant. See Exhibit B (pg. 70). The theory that Rodney was the real perpetrator, and the witnesses were somehow confused or concealing his identity, would have been of little value. Even with a diligent search and probing questions regarding Rodney, there is no indication that any evidence would have been produced to support the theory that Rodney was the real perpetrator, and the witnesses were somehow confused or concealing his identity, would have been of little value. Even with a diligent search and probing questions regarding Rodney, there is no indication that any evidence would have been produced to support the theory that Rodney was the one who abused the victim. The Court notes that Defendant, who alleges counsel was ineffective for not thoroughly investigating Rodney as the possible perpetrator, provided no assistance despite the fact that he was out of custody shortly after being arrested on the charge. The Court finds that counsel was not deficient and Defendant has failed to adequately show how he was prejudiced under this ground. This claim is denied.

GROUND SIX
Ineffective Assistance of Counsel

Defendant claims that Counsel was ineffective for stipulating to the admissibility of child hearsay testimony. Defendant additionally alleges that the testimony became needlessly cumulative and was unduly prejudicial. At the evidentiary hearing, counsel testified that he did not object to the admissibility of child hearsay evidence or the cumulative nature of the testimony because he wanted to focus on the inconsistencies in the victim's statements. Counsel testified that the inconsistencies along with the lack of physical evidence were part of a defense strategy arguing that no abuse ever occurred. Counsel testified that he discussed this general strategy with Defendant. Defendant testified that counsel never discussed his defense with him. The Court finds that Defendant's testimony was less than credible. Defendant admittedly met with his attorney on at least three separate occasions before trial, but claims that he had no idea what the trial strategy was going to be nor did he ask any questions with regard to the strategy. Counsel testified that he did not have a direct recollection of discussing the waiver of a child hearsay hearing with Defendant. Counsel however, represented to the Court, before trial, that he spoke with Defendant and Defendant agreed to waive the hearing. See Exhibit B (pg. 16). At the evidentiary hearing, counsel stated he would not have made this representation to the Court if it were not true. Defendant testified that he did not know what counsel was doing when he waived Defendant's right to a hearing on the admissibility of child hearsay. Defendant testified that counsel never explained to him that he had a right to a hearing and counsel never asked him to give up that right. Again, the Court did not find Defendant's testimony credible based on Defendant's demeanor and responses. Defendant testified that he did not have any discussions with counsel regarding child hearsay; however on cross-examination, Defendant testified that counsel told him the child hearsay would likely be admitted, indicating that there was a prior discussion about child hearsay.

While waiving Defendant's right to a child hearsay hearing may not have been the most prudent of decisions, the Court nevertheless finds that it was part of counsel's overall defense strategy to show inconsistencies in the victim's statements; a strategy that Defendant was aware of and had consented to. Although Defendant's counsel, at his evidentiary hearing, admirably represented his client, the Court does not find that trial counsel was deficient. Additionally, the Court does not find that Defendant has demonstrated prejudice under this ground that would

-11-

warrant a vacating of the judgment and sentence. This claim is denied.

Accordingly, IT IS ORDERED that Defendant's Motion for Post Conviction Relief is DENIED.

Singleton appealed the denial of Rule 3.850 relief.  The state district court of appeal per curiam affirmed the denial of relief on December 27, 2002. <u>Singleton v. State</u>, 838 So. 2d 1160 (Fla. 2d DCA 2002) (table).  Singleton then timely filed the present federal  petition for writ of habeas corpus.

## STANDARDS OF REVIEW

Because Singleton filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  <u>Penry v. Johnson</u>, 532 U.S. 782, 792 (2001); <u>Henderson v. Campbell</u>, 353 F.3d 880, 889-90 (11th Cir. 2003); <u>Maharaj v. Sec'y of Dept. of Corrections</u>, 304 F.3d 1345, 1346 (11th Cir. 2002).  The AEDPA "establishes a more deferential standard of review of state habeas judgments," <u>Fugate v. Head</u>, 261 F.3d 1206, 1214 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." <u>Bell v. Cone</u>, 535 U.S. 685, 693 (2002); <u>see</u>, <u>Bell v. Cone</u>, 2005 WL 123827 (U.S. Jan. 24, 2005) (habeas court's standard for evaluating state-court ruling is highly deferential, which demands that state-court decisions be given benefit of the doubt)[citing 28 U.S.C.A. § 2254(d)]).   AEDPA is relevant to a review of this Petition.

Pursuant to AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

-12-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application, of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Price v. Vincent, 123 S.Ct. 1848, 1852-53 (2003); Clark v. Crosby, 335 F.3d 1303, 1308 (11th Cir. 2003); Harrell v. Butterworth, 251 F.3d 926, 930 (11th Cir. 2001). "Clearly established Federal law" is the governing legal principle, not the dicta, set forth by the United States Supreme Court at the time the state court issues its decision. Lockyer v. Andrade, 538 U.S.63, 71-72 (2003). Where no Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be said that the state court's conclusion is contrary to clearly established governing federal law. Mitchell v. Esparza, 124 S.Ct. 7, 10 (2003); Clark v. Crosby, 335 F.3d at 1308-10; Washington v. Crosby, 324 F.3d 1263, 1265 (11th Cir. 2003).

A state court decision is "contrary to" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. Mitchell v. Esparza, 124 S.Ct. at 10 (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). See also Price v. Vincent, 123 S.Ct. at 1853; Lockyer v. Andrade, 538 U.S. at 75-77. A state court does not have to cite the Supreme Court precedent, or even be aware of it, so long as neither its reasoning nor its result contradicts Supreme Court precedent. Early v. Parker, 537 U.S. 3, 8 (2002);

Mitchell v. Esparza, 124 S.Ct. at 10; Parker v. Secy of Dept. of Corrections, 331 F.3d 764, 775-76 (11th Cir. 2003).

A state court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from Supreme Court cases but unreasonably applies it to the facts of the particular inmate's case; or if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply; or unreasonably refuses to extend that principle to a new context where it should apply. Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000). The "unreasonable application" inquiry requires the state court decision to be more than incorrect or erroneous; it must be objectively unreasonable. Lockyer v. Andrade, 538 U.S. at 75-77; Williams, 529 U.S. at 409-10; Penry v. Johnson, 532 U.S. at 791-792; Woodford v. Visciotti 537 U.S. 19, 25 (2002); Mitchell v. Esparza, 124 S.Ct. at 11-12; Price v. Vincent, 123 S.Ct. at 1853.

Whether a state court's decision was unreasonable must be assessed in light of the record the court had before it. See Holland v. Jackson, 124 S.Ct. 2736, 2737-2738 (2004) (citing Yarborough v. Gentry, 540 U.S. 1 (2003)) (per curiam) (denying relief where state court's application of federal law was supported by the record); Miller-El v. Cockrell, 537 U.S. 322, 348 (2003) (reasonableness of state court's factual finding assessed "in light of the record before the court"); cf. Bell v. Cone, 535 U.S. at 697, n. 4 (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

A factual finding by a state court is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); Henderson, 353 F.3d at 890-91.  The statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact.  Parker v. Head, 244 F.3d 831, 836 (11th Cir. 2001).

A petitioner who "failed to develop" the factual basis for a claim while in state court as a result of the petitioner's lack of diligence is barred from doing so in federal court (subject to the very narrow exceptions set out in § 2254(e)(2)). Williams v. Taylor, 529 U.S. at 433-34.

Finally, in the event constitutional error is found in a habeas proceeding, the relevant harmless error standard is set forth in Brecht v. Abrahamson, 507 U.S. 619 (1993). The test is "less onerous" then the harmless error standard enunciated in Chapman v. California, 386 U.S. 18 (1967). "The test is whether the error had substantial and injurious effect or influence in determining the jury's verdict. Under this standard, habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" Brecht, 507 U.S. at 637. Although no constitutional error has occurred in Singleton's case, any possible error would clearly be harmless beyond any reasonable doubt based on the facts and the record herein.

THE PRESENT PETITION

Singleton alleges that trial counsel rendered ineffective assistance when counsel failed to:

-15-

a) challenge the competency of the child witness;

b) object to the admission of hearsay on the grounds that it was unreliable and/or that repetitive hearsay by multiple witnesses was needlessly cumulative and inherently prejudicial;

c) object to the jury's access to the child's tape recorded statements during deliberations;

d) procure a child psychology expert witness;

e) bring to the court's attention an incident in which trial counsel overheard jurors discussing the demeanor of the child;

f) call witnesses who had observed the coaching of the child witness during a break in her trial testimony.

Singleton also alleges that the cumulative effect of the various errors and omissions of defense counsel was unfairly prejudicial.

DISCUSSION

A review of the record demonstrates that, for the following reasons, the petition for writ of habeas corpus must be **DENIED**.

Competency of the Child Witness To Testify

Singleton raised this issue on direct appeal, when Singleton asserted that the trial court erred by failing to determine the competency of the child victim to be a witness.  This claim was not preserved for appellate review because it was never raised at the trial level. Because Singleton has never presented this issue at the state

court level as a claim alleging ineffective assistance of counsel, the claim is procedurally barred. Wainwright v. Sykes, 433 U.S. 72 (1977).

Even if this Court were to consider the claim, it has no merit.  In order to prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient, and as a consequence of that deficiency, the defendant suffered prejudice. The record shows that if Singleton's trial counsel had attacked the child's competence to testify, the argument would have been meritless as the state trial court found that the child was competent to testify after questioning her.

The Florida Supreme Court in Lloyd v. State, 524 So. 2d 396 (Fla. 1988) set the standard for competency of an infant witness. Lloyd held that the competence of a child witness to testify is measured by his or her intelligence, rather than by age, and by whether the child possesses a sense of the obligation to tell the truth. Id. at 400. Lloyd further established that in making this determination, the court should consider: (1) whether the witness has sufficient intelligence to receive a just impression of the events observed; (2) whether the witness has sufficient capacity to relate them correctly; and (3) whether the witness appreciates the need  to tell the truth. The record supports a finding that the child in the present case was, in fact, competent to testify. The child testified that she understood what the truth was, understood that it was important to tell the truth, (Trial Transcript p. 26), and understood the consequences of lying--she would go to hell if she told a lie (p. 28). The substance of her testimony supports a finding that she was of sufficient intelligence to be able to understand and relate her experiences.

-17-

Consequently, the state district court of appeal properly denied relief on direct appeal, as the state trial court's findings are consistent with Florida Supreme Court law.

<u>Failure To Object to Hearsay from Multiple Witnesses</u>

Singleton raised this issue in his Rule 3.850 motion. Singleton contends that trial counsel was ineffective for failing to object to the State's use of the child victim's statements made to various sources because the impact of doing so was to allow the jury to hear the child's claim of molestation multiple times from multiple sources, thereby reducing Singleton's chances of acquittal. Defense counsel's trial strategy was to show that the victim was not credible by revealing the inconsistencies in the victim's various statements to different persons. In order for this defensive strategy to succeed, it was necessary to allow the State to present testimony from various persons to whom the child victim made statements. The impact of the defense strategy would have been significantly lessened if fewer witnesses had been presented. While it may be that this strategy was ultimately unsuccessful, the record supports counsel's argument that the victim told a somewhat different version to every person to whom she spoke. The state trial court considered Singleton's claim that counsel was ineffective and rejected the claim.

The Florida Supreme Court has held that a decision relating to trial strategy does not become ineffective assistance of counsel just because that strategy ultimately fails. <u>Songer v. State</u>, 419 So. 2d 1044 (Fla. 1982). Counsel's decision to allow the jury to hear multiple inconsistent hearsay claims of molestation was a valid strategy decision.

-18-

<u>Jury's Access to Child's Tape Recorded Statement During Deliberations</u>

Singleton alleges that his trial attorney failed to object to the jury's being permitted to take the child's tape recorded statement made to law enforcement into the jury room while they were deliberating.  This claim has no merit because counsel's defense strategy in allowing the jury to hear the tape was to demonstrate that the child's demeanor, which included laughter, was not consistent with that of someone who had been molested. The only effective way to accomplish this defense goal was to give the jury access to the tape.  Defense counsel's action in not objecting  to the jury's having access to the tape was reasonable trial strategy.

<u>Failure To Procure a Child Psychologist Expert Defense Witness</u>

Singleton alleges that defense counsel was ineffective for failing to obtain a child psychologist as an expert witness. Singleton raised this claim in his Rule 3.850 Motion. The state trial court concluded that the decision of whether or not to obtain an expert was a "judgment call" on the part of counsel. Because Singleton has never submitted any documentation or a proffer reflecting what such an expert might have said, it is impossible to establish that defense counsel was ineffective for failing to obtain an expert.  Presumably, it is Singleton's hope that an expert witness would testify in support of the defense claim that the victim was "crying out" for attention because of her unstable home environment; the hoped-for conclusion that would be drawn from such testimony being that the child manufactured her testimony in order to accomplish her goal of drawing attention to herself.

However, because this testimony draws perilously close to a comment upon the credibility of the witness, there is a valid question as to whether or not such evidence would in fact be permissible.  It is well-settled in Florida that an expert witness may not comment on the credibility of a child witness. State v. Townsend, 635 So. 2d 949 (Fla. 1994). The testimony Singleton hoped to obtain would be for the purpose of establishing a motivation to lie. Trial counsel's testimony at the state evidentiary hearing revealed that he concluded he could accomplish the same goal without using an expert witness. (See Transcript of Rule 3.850 Hearing, Respondent's Exh. 3, p. 9). Defense counsel was not ineffective for failing to procure an expert witness.

<u>Alleged Juror Misconduct</u>

Singleton complains that his attorney should have brought to the state trial court's attention the fact that two jurors were overheard discussing the case during a break in the proceedings.  The state trial court found that Singleton had not shown prejudice by bringing this matter to the state trial court's attention.  This Court agrees.

<u>Grandmother Coaching the Child</u>

Singleton alleges that defense counsel should have presented witnesses who overheard the grandmother coaching the child, so that the Singleton could then argue to the jury that the child's testimony was not worthy of belief. The difficulty with this argument is that the child admitted while she was testifying that she had discussed her testimony with her grandmother. (Trial Transcript, p. 43). It was therefore unnecessary for defense counsel to produce additional witnesses to establish this point; their testimony would have been cumulative.  Singleton does not assert that there was any

aspect of the child's testimony that might have been successfully impeached by the use of these witnesses, nor does he advance any other reason why the use of these witnesses might have assisted the defense. Consequently, Singleton was not prejudiced by defense counsel's decision not to present additional witnesses. Counsel's failure to present cumulative evidence is not ineffective assistance of counsel. <u>Johnson v. Singletary</u>, 695 So. 2d 263 (Fla. 1996).

<u>Cumulative Effect</u>

Finally, Singleton asserts that the cumulative effect of the various errors and omissions committed by defense counsel was unfairly prejudicial. Because there is no merit to any of Petitioner's claims, there is no cumulative effect.

Finally, Singleton has not shown that the state court decisions were contrary to clearly established United States Supreme Court case law, or alternatively, that the state courts decisions were an unreasonable application of Supreme Court case law.

Accordingly, the Court orders:

That Singleton's petition for writ of habeas corpus is denied, with prejudice. The Clerk is directed to enter judgment against Singleton and to CLOSE THIS CASE.

ORDERED at Tampa, Florida, on  April 29, 2005.

SUSAN C. BUCKLEW
United States District Judge

Counsel of Record

Michael Singleton